EXHIBIT ‘A’

**STARK & STARK, P.C.**
By: Carin A. O'Donnell, Esquire
Identification No. 84230
By: Ryan S. Kilmer, Esquire
Identification No. 312327
777 Township Line Road, Suite 120
Yardley, PA 19067
(267) 907-9600

**THIS IS A MAJOR JURY TRIAL**

Filed and Attested by the
Office of Judicial Records
09 OCT 2020 05:14 pm
A. SILIGRINI

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| CHRISTOPHER DISANT<br>1501 Roosevelt Avenue, Lot G6<br>Carteret, NJ 07008<br>Plaintiff<br>v.<br><br>BRENNTAG NORTH AMERICAN INC.<br>5083 Pottsville Pike<br>Reading, PA 19605<br>and<br>BRENNTAG NORTHEAST<br>81 West Huller Lane<br>Reading, PA 19605<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>TERM, 2020<br><br><br>NO. |

## NOTICE TO DEFEND – CIVIL ACTION

### NOTICE

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

*Lawyer Reference Service and Information Service*
*1101 Market Street, 11th Floor*
*Philadelphia, PA 19107*
*(215) 238-6300*

### AVISO

Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE ENGAGEMENT LETTER(S) DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

*Servicio De Referencia De Información Legal*
*1101 Market Street, 11th Floor*
*Philadelphia, PA 19107*
*(215) 238-6300*

**STARK & STARK, P.C.**
By: Carin A. O'Donnell, Esquire
Identification No. 84230
By: Ryan S. Kilmer, Esquire
Identification No. 312327
777 Township Line Road, Suite 120
Yardley, PA 19067
(267) 907-9600

**THIS IS A MAJOR JURY TRIAL**

*Attorneys for Plaintiff*

| | | |
|---|---|---|
| CHRISTOPHER DISANT<br>1501 Roosevelt Avenue, Lot G6<br>Carteret, NJ 07008<br>Plaintiff<br>v.<br><br>BRENNTAG NORTH AMERICAN INC.<br>5083 Pottsville Pike<br>Reading, PA 19605<br>and<br>BRENNTAG NORTHEAST<br>81 West Huller Lane<br>Reading, PA 19605<br>Defendants | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br><br>TERM, 2020<br><br><br>NO. |

**CIVIL ACTION COMPLAINT**

1. Plaintiff, Christopher Disant, is an adult individual and citizen of the State of New Jersey residing at 1501 Roosevelt Avenue, Lot G6, Carteret, NJ 07008.

2. Defendant, Brenntag North America Inc. (hereinafter referred to as "Brenntag North America"), is a corporation or other business entity registered in the Commonwealth of Pennsylvania and duly authorized to do business in the Commonwealth of Pennsylvania, which at all times relevant hereto had a principal place of business located at 5083 Pottsville Pike, Reading, PA 19065.

3. Defendant, Brenntag Northeast LLC (hereinafter referred to as Brenntag Northeast), is a corporation or other business entity registered in the Commonwealth of Pennsylvania and duly authorized to do business in the Commonwealth of Pennsylvania, which

at all times relevant hereto had a principal place of business located at 81 West Huller Lane Reading, PA 19605.

4. Defendant Brenntag North America is a chemical and ingredient solutions distributor.

5. At all times relevant Defendant Brenntag North America routinely and systematically conducts business within Philadelphia, Pennsylvania.

6. Defendant Brenntag North America owns, operates and/or maintains a distribution located at 5700 Tacony Street, Philadelphia, PA 19135.

7. Defendant Brenntag Northeast is a chemical and ingredient solutions distributor.

8. At all times relevant Defendant Brenntag Northeast routinely and systematically conducts business within Philadelphia, Pennsylvania.

9. Defendant Brenntag Northeast owns, operates and/ or maintains a distribution site located at 5700 Tacony Street, Philadelphia, PA 19135.

10. At all times material hereto, Defendants Brenntag North American and Brenntag Northeast acted individually and/or by and through their duly authorized apparent agents, servants, workmen, contractors, subcontractors and/or employees, acting within the scope and course of their employment and/or agency with Defendants.

11. At all times material hereto, Defendants, Brenntag North American and Brenntag Northeast were the owners, possessors and/or maintainers of the distribution center (hereinafter referred to as the job site) located at 81 West Huller Lane, Reading, PA 19605.

12. At all times material hereto, Defendant, Brenntag North America was in control of the job site.

13. At all times material hereto, Defendant Brenntag Northeast was in control of the job site.

14. At all times material hereto, all Defendants were involved in overseeing the work and safety of workers at the job site.

15. At all times material hereto, Defendant, Brenntag North America, occupied the job site.

16. At all times material hereto, the Defendant Brenntag Northeast occupied the job site.

17. At all times material hereto, Plaintiff, Christopher Disant, was employed as a long haul truck driver with Langer Transport Corporation.

18. At all times material hereto, Defendants contracted with Plaintiff's Employer, Langer Transport Corporation for delivery services of chemicals to the job site.

19. Upon information and belief, it is believed and therefore averred, at all times material hereto, Defendant, Brenntag North America, entered into a written contract with Plaintiff's Employer Langer Transport Corporation.

20. Upon information and belief, it is believed, and therefore averred that at all times material hereto, Defendant, Brenntag Northeast, entered into a written contract with Plaintiff's Employer Langer Transport Corporation.

21. At all times material hereto, all Defendants were responsible for job conditions and safety at the job site, and were responsible for the safety of individuals working at the job site including Plaintiff, Christopher Disant.

22. At all times material hereto, all Defendants were responsible for the maintenance, inspection and removal of hazardous conditions, so as to make it safe for individuals working at the job site including Plaintiff, Christopher Disant.

23. At all times material hereto, all Defendants were responsible to provide persons such as Plaintiff, Christopher Disant, with a safe and hazard-free work environment.

24. At all times material hereto, all Defendants were responsible for ensuring that all individuals working at heights with unprotected edges above four feet utilize fall protection.

25. To the extent other contractors and/or subcontractors were involved in overseeing the operation of the job site, Defendants have knowledge of the identity of said contractors and/or subcontractors and will provide the identity of said entities in response to this averment, in accordance with Pa.R.C.P. 1029(e)(1).

26. On or about December 11, 2018, Plaintiff Christopher Disant was lawfully about the premise of the job site delivering chemicals to the Defendants, utilizing a tanker trailer.

27. On December 11, 2018 Plaintiff, Christopher Disant, while in the course and scope of his employment with Langer Transport Corporation was granted permission by Defendants to access the top of his tanker trailer to close the dome lid.

28. While Plaintiff was working on the top of the tanker trailer, which has unprotected edges more than four feet from the ground, Defendants negligently did not provide, mandate or ensure the Plaintiff with a safe means to perform his work, mainly fall protection.

29. While Plaintiff was working on the tanker truck, his foot got caught and he fell backwards off the tanker trailer falling to the ground. The impact caused him to suffer serious and permanent injuries and damages more fully described hereinafter.

30. This incident was caused by the negligent acts and omissions of Defendants as more fully described hereinafter.

**COUNT I**
**CHRISTOPHER DISANT v. ALL DEFENDANTS**
**NEGLIGENCE**

31. Plaintiffs incorporate paragraphs 1 through 30 as though the same were fully set forth at length herein.

32. The negligence and carelessness of all Defendants consisted of the following:

a. failing to warn the Plaintiff of a dangerous condition;

b. maintaining the job site in such a manner as to constitute a dangerous condition to persons such as the Plaintiff.

c. failing to provide the Plaintiff with a safe area to perform his job;

d. failing to regard the rights, safety and position of the Plaintiff;

e. failing to hire qualified contractors, subcontractors and employees;

f. failing to employ, train and retain personnel sufficiently qualified to maintain the job site in a safe manner;

g. failing to properly instruct workers regarding safety equipment, rules and regulations regarding fall protection;

h. failing to inspect the premises so as to discover the dangerous condition consisting of workers working at heights above the ground without being able to utilize fall protection;

i. permitting workers to work without being able to utilize fall protection when Defendants knew or should have known, or in the exercise of reasonable care knew or should have known of the dangerous condition;

j. failing to have personnel attend to, rectify or inspect the dangerous conditions such as persons working at unprotected heights without utilizing fall protection;

k. creating an unsafe condition on the job site;

l. failing to comply with the industry standards, rules and regulations including OSHA;

m. violating OSHA, 29 C.F.R 1910 , et. seq., relating to walking-working surfaces

n.     violating OSHA, 29 C.F.R. 1910.23(c) relating to requirement for fall protection for walking-working surfaces with unprotected sides and edges

o.     failing to supervise the work properly;

p.     failing to provide fall protection for workers, such as Plaintiff, when the Defendant knew or should have known that there was a risk of workers falling from unprotected heights;

q.     permitting the dangerous condition described herein to be and remain on the premises when Defendants knew or, in the exercise of reasonable care, should have known of the dangerous condition;

r.     permitting the dangerous condition described herein to be and remain on the premises when Defendants knew or, in the exercise of reasonable care, should have known that the Plaintiff would not discover or realize the dangerous condition;

s.     failing to have policies, procedures and/or protocols in place to insure that workers are utilizing fall protection when working at unprotected heights;

t.     failing to comply with the general industry standards, rules and regulations including, but not limited to, OHSA's general duty clause and ANSI Standards relating to safety at a job site by failing to furnish a job site that was free of a recognized hazard;

u.     violating OSHA 29 CFR §654 relating to general duties; and

v.     violating the general duty rule

w.     breaching their duties under Restatement (Second) of Torts including but not limited to 323, 341(a) and 343;

33. This incident and Plaintiff's resultant injuries were caused by the aforesaid acts of negligence on the part of Defendants and their agents, servants and/or employees.

34. As a result of the aforesaid, Plaintiff, Christopher Disant, sustained injuries to his head, right shoulder, back, body and limbs, his bones, cells, nerves, tissues, muscles and functions including, but not limited to acute comminuted fracture of the right coracoid scapular, Hill-Sachs deformity, anterior dislocation of right humerus, rotator cuff tear, full thickness tear of distal subscapularis tendon, derangement of posterior horn of the medial meniscus, chondromalacia of left knee, internal derangement of right knee, medial meniscal tear left knee, mild MCL sprain left knee, medial status post left knee arthroscopy, partial medial meniscectomy, partial synovectomy, status post right shoulder arthroscopy, labral debridement, rotator cuff repair, acromioplasty and bursectomy, thoracic compression fracture, L1 and L5 compression fractures, plantar fascial fibromatosis, and together with a severe shock to his nerves and nervous system, some or all of which Plaintiff, Christopher Disant, has been advised are or may be permanent in nature.

35. As a result of the accident aforesaid, Plaintiff, Christopher Disant, has undergone great physical pain and mental anguish and he will continue to endure the same for an indefinite time in the future, to his great detriment and loss.

36. As a result of the accident aforesaid, Plaintiff, Christopher Disant, may be compelled to expend of money for medicine and medical care and attention in and about an effort to effect a cure of his aforesaid injuries, and may be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

37. As a result of the accident aforesaid, Plaintiff, Christopher Disant, has been unable to attend to his usual and daily duties and occupation, and he may be unable to attend to the same for an indefinite time in the future, to his great detriment and loss.

38. As a further result of the aforesaid, Plaintiff, Christopher Disant, has suffered a loss and depreciation of his earnings and earning power, loss of income and/or impairment of his earning capacity or power, and he may continue to suffer same for an indefinite time in the future to his great detriment and loss.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendants, jointly and/or severally, for a sum in excess of Fifty Thousand ($50,000.00) Dollars plus delay damages, costs, interest and all other damages permitted by law.

Respectfully submitted,

**STARK & STARK, P.C.**

Dated: October 9, 2020

BY: /s/ CARIN A. O'DONNELL .
CARIN A. O'DONNELL, ESQUIRE
RYAN KILMER, ESQUIRE
*Attorneys for Plaintiff*

DocuSign Envelope ID: C0987ED7-215F-4A23-A077-D0844F8CD9F9 Case 5:20-cv-05281-EGS Document 1-4 Filed 10/22/20 Page 11 of 11

**VERIFICATION**

I, Christopher Disant, verify that the statements made in the foregoing COMPLAINT are true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. '4904 relating to unsworn falsifications to authorities.

Dated: October 6, 2020

CHRISTOPHER DISANT

4817-5442-8109, v. 1

Case ID: 201000603