# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER DISANT,<br><br>                    Plaintiffs,<br><br>                    v.<br><br>BRENNTAG NORTH AMERICA, INC. and<br>BRENNTAG NORTHEAST,<br><br>                    Defendants. | CIVIL ACTION<br><br>No. 5:20-cv-05281 |

## ORDER

AND NOW, this              day of                          , 2020, upon consideration

of Defendants, Brenntag North America, Inc. and Brenntag Northeast, LLC's Motion to Dismiss,

and any response(s) thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion is

**GRANTED**.  Any and all claims asserted against Defendants, Brenntag North America, Inc. and

Brenntag Northeast, LLC are hereby **DISMISSED**, with prejudice.


**BY THE COURT:**


_____

**HON. EDWARD G. SMITH**

21022826v1

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

POST & SCHELL, P.C.
WILLIAM L. THRALL, ESQUIRE
E-MAIL: wthrall@postschell.com
I.D. # 201834
J. COLIN SCHWARTZ, ESQUIRE
E-MAIL: cschwartz@postschell.com
I.D. # 310123
FOUR PENN CENTER, 13TH FLOOR          ATTORNEYS FOR DEFENDANTS,
1600 JOHN F. KENNEDY BLVD.            BRENNTAG NORTH AMERICA, INC. AND
PHILADELPHIA, PA  19103-2808         BRENNTAG NORTHEAST, LLC
215-587-1000

| | |
|---|---|
| CHRISTOPHER DISANT, | |
| Plaintiffs, | CIVIL ACTION |
| v. | No. 5:20-cv-05281 |
| BRENNTAG NORTH AMERICA, INC. and BRENNTAG NORTHEAST, | |
| Defendants. | |

## DEFENDANTS, BRENNTAG NORTH AMERICA, INC. AND BRENNTAG NORTHEAST, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6)

Defendants, Brenntag North America, Inc. ("BNA") and Brenntag Northeast, LLC

("BNE"), by and through their attorneys, Post & Schell, P.C., hereby move to dismiss Plaintiff's

Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), and in support

thereof, aver as follows:

## I.    FACTUAL AND PROCEDURAL HISTORY

1.    This civil action arises out of an incident that allegedly occurred on December 11,

2018 at a distribution center allegedly owned by the defendants, BNA and BNE, located at 81

West Huller Lane, Reading, PA 19605.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

2.     Plaintiff alleges that on the date of the incident at issue, he was working as a long-haul truck driver on behalf Langer Transport Corporation ("Langer") delivering chemicals to the defendants utilizing a tanker trailer at the distribution center.  *Id.* at ¶¶ 17, 26, 27.

3.     Plaintiff claims that while he was in the course and scope of his employment with Langer, he was granted permission by the defendants to access the top of his tanker trailer to close the dome lid, and while he was performing that work, he fell off of the tanker trailer, sustaining injuries.  *Id.* at ¶¶ 27, 28, 29.

4.     Plaintiff claims that BNA and BNE negligently failed to provide, mandate or ensure that Plaintiff had a safe means to perform his work by not providing fall protection, and that the negligence of BNA and BNE caused Plaintiff's incident and injuries.  *Id.* at ¶¶ 28, 30.

5.     Plaintiff avers that both BNA and BNE are engaged in the business of distributing chemicals and ingredients. *Id.* at ¶¶ 4, 7.

6.     Plaintiff avers that the job site where the incident occurred was occupied and controlled by BNA and BNE at all times material to Plaintiff's claims. *Id.* at ¶¶ 12, 13, 15, 16.

7.      Plaintiff avers that BNA and BNE oversaw the work and safety of workers at the job site where the incident occurred. *Id.* at ¶¶ 12, 13, 15, 16.

8.     Plaintiff avers that BNA and BNE were responsible for job conditions and safety of individuals working at the job site where the incident happened, including being responsible for the safety of Plaintiff.  *Id.* at ¶¶ 21.

9.      Plaintiff avers that BNA and BNE were responsible for maintenance, inspection and removal of hazardous conditions and making the job site safe for individuals working at the site, including Plaintiff.  *Id.* at ¶¶ 22.

10.     Plaintiff avers that BNA and BNE were responsible for ensuring that all individuals working at heights with unprotected edges above four feet utilized fall protection.   *Id.* at ¶¶ 24.

11.     Plaintiff avers that BNA and BNE contracted with Langer Transport Corporation for delivery services of chemicals to the job site and that BNA and BNE each had written contracts with Langer. *Id.* at ¶ 18, 19, 20.

12.     In short, Plaintiff has alleged (1) that BNA and BNE were owners of the premises where the incident happened, (2) the premises were occupied by and under the control of BNA and BNE, (3) BNA and BNE oversaw the work performed in receiving and unloading delivered chemicals at the job site, including granting permission to Plaintiff to access the dome lid on his truck, (4) a contract was made between BNA and/or BNE and Langer Transportation for the delivery of chemicals to a distribution center of BNA and BNE which was involved in the business of distributing chemicals and ingredients, (5) the delivery of the chemicals was entrusted to Langer, and (6) Plaintiff was an employee of Langer who was injured on the alleged job site. *See, generally, id.*

13.     Defendant, BNA is a corporation incorporated in the State of Delaware with a principal place of business located at 5083 Pottsville Pike, Reading, PA 19605.  *See* true and correct copy of the Affidavit of David Wheat, attached hereto as Exhibit "B" at ¶ 2.

14.     Defendant, BNE is a Delaware limited liability company, whose sole member is BNA, with a principal place of business located at 81 West Huller Lane, Reading, PA 19605.  *See* Exhibit "B" at ¶ 3.

3

15.     Plaintiff has purported to serve the Complaint in this case on BNA and BNE at an address located at 5700 Tacony Street, Philadelphia, PA 19135 (the "Tacony Street address") by allegedly serving a person named Donald Reberg at that location.  A true and correct copy of Plaintiff's Affidavits of Service is attached hereto as Exhibit "C."

16.     The Tacony Street address where Plaintiff purportedly served the Complaint is an office of Brenntag Specialties, LLC, ("Brenntag Specialties") a Delaware limited liability company.  *See* Exhibit "B" at ¶ 5.

17.     Neither BNA nor BNE have an office or regular place of business at the Tacony Street address, and Brenntag Specialties is the sole entity with an office at that address.  *See id.* at ¶¶ 6-7.

18.     Neither BNA nor BNE have any employees who regularly work at, or have offices at, the Tacony Street address. *See id.* at ¶ 8.

19.     Neither BNA nor BNE have any managers, clerks, or other persons in charge of the Tacony Street address. *See id.* at ¶ 9.

20.     Neither BNA nor BNE have authorized anyone employed by Brenntag Specialties, or with an office at 5700 Tacony Street, Philadelphia, PA 19135, to accept service of legal process on behalf of BNA or BNE. *See id.* at ¶ 10.

21.     Specifically, Donald Reberg, the person who Plaintiff's affidavits of service state was handed a copy of Plaintiff's Complaint, is not an employee, manager or representative of BNA or BNE and was not authorized to accept service for either entity.  *See id.* at ¶ 11.

22.     BNA and BNE each have a registered agent designated and authorized to receive service of process in Pennsylvania.  *See id.* at ¶ 12.

23.     The registered agent for service of process designated and authorized by BNA and BNE to accept service of process was not served with Plaintiff's Complaint as of October 29, 2020 *See id.* at ¶ 13.

24.     As of October 29, 2020, neither BNA nor BNE have been served with the Complaint at any office or regular place of business of BNA or BNE. *See id.* at ¶ 14.

25.     As of October 29, 2020, no executive officer, partner or trustee of either BNA or BNE has been served with the Complaint.  *See id.* at ¶ 15.

26.     Brenntag Specialties is a wholly-owned subsidiary of BNA and is separate and distinct from BNA.  *See id.* at ¶ 16.

27.     BNE has no ownership or membership in Brenntag Specialties and is separate and distinct from Brenntag Specialties.  *See id.* at ¶ 18.

28.     BNA provides certain services to Brenntag Specialties, such as legal, payroll, infrastructure and other administrative services. *See id.* at ¶ 17.

29.     BNA and BNE do not manage or direct the daily activities or affairs of Brenntag Specialties and do not control the means and methods of the business activities of Brenntag Specialties, LLC. *See id.* at ¶ 19.

30.     Brenntag Specialties manufactures, packages and distributes specialty chemical products and its line of specialty chemical products is distinct from products distributed by BNA or BNE.  *See id.* at ¶ 20.

31.     Brenntag Specialties employs separate employees that are not employed by BNA or BNE. *See id.* at ¶ 21.

21022826v1

32. Brenntag Specialties does not share any bank accounts or comingle financial assets with BNA or BNE and pays its own taxes separate and apart from BNA and BNE. *See id.* at ¶ 22, 23.

33. Brenntag Specialties conducts separate company meetings and directs its affairs independently of BNA and/or BNE, has distinct assets and liabilities than BNA and/or BNE, and conducts its business separately from BNA and/or BNE. *See id.* at ¶¶ 24, 25, 26.

34. Brenntag Specialties observes all formalities of its business form. *See id.* at ¶ 26.

35. Brenntag Specialties, LLC is the sole entity with an office located at 5700 Tacony Street, Philadelphia, PA and is the sole owner of that premises. *See id.* at ¶ 6.

36. For the reasons set forth below and in the accompanying Memorandum of Law, Plaintiff's Complaint must be dismissed and/or Plaintiff's purported service of the Complaint on BNA and BNE must be quashed because service was not properly made on BNA or BNE, and Plaintiff's Complaint must be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## II.  LEGAL ARGUMENT

### A.  Motion to Dismiss Plaintiff's Complaint and/or Strike Service of Process Pursuant to Rule 12(b)(5)

37. Under Rule 12(b)(5), the defense of insufficient service of process may be asserted by motion prior to filing a responsive pleading.  Fed. R. Civ. P. 12(b)(5).

38. Plaintiff purported to serve BNA and BNE with the Complaint on October 21, 2020 at 5700 Tacony Street, Philadelphia, PA 19135, before this action was removed to this Court.

39. However, the purported service was improper because it did not comply with the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure governing service of process on a corporation or business entity.

21022826v1

40.     Under Rule 4 of the Federal Rules of Civil Procedure, a domestic corporation, partnership or other unincorporated association that is subject to suit under a common name, served within a judicial district of the United State, must be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h).

41.     Under Rule 424 of the Pennsylvania Rules of Civil Procedure,

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1)  an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2)  the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or
>
> (3)  an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R.C.P. 424.

42.     In an action commenced in Pennsylvania's First Judicial District – Philadelphia County -- original process may be served:

> (1) within the county by the sheriff or a competent adult, or
>
> (2) in any other county by deputized service as provided by Rule 400(d) or by a competent adult forwarding the process to the sheriff of the county where service may be made.

Pa. R.C.P. 4001.

43.     Under these rules, service of original process on a corporation or business entity must be made in-person by a competent adult or person deputized to serve process handing a copy of the original process to an executive officer, partner or trustee of the business entity,  or an  agent of the business entity authorized to accept service, or the manager clerk or person in charge of a regular place of business of the entity being served.  *See Trexler v. McDonald's Corp.*, 2015 PA Super 131, 118 A.3d 408, 414 (Pa. Super. 2015) (serving employee of franchisee on property owned by franchisor, which was not a regular place of business of franchisor, was not proper service on a person authorized to accept service on behalf of franchisor under Rule 424).

44.     Service of a complaint on a subsidiary of a corporate parent does not qualify as service on the parent corporation unless the subsidiary is (1) an alter ego of the parent due to the parent exercising total control over the affairs and activities of the subsidiary, or (2) serves as a mere agent or department of the parent, performing functions that the parent corporation would have to perform itself but for the existence of the subsidiary.  *Gallagher v. Mazda Motor of Am., Inc.*, 781 F. Supp. 1079, 1083 (E.D. Pa. 1992); *Colida v. LG Elecs., Inc.,* No. 02-4947 (DRD), 2003 U.S. Dist. LEXIS 26818, at *12-13 (D.N.J. 2003); *Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*, 607 F. Supp. 227, 237 (D. Del. 1984); *Fitzgerald v. Hilton Hotels Corp.*, 183 F. Supp. 342, 343 (E.D. Pa. 1960); *see also Botwinick v. Credit Exch., Inc.,* 213 A.2d 349, 351 (Pa. 1965).

45.     In this case, BNA and BNE were not served with the Complaint.

46.     Service at the Tacony Street address was not service at a regular place of business of either BNA or BNE and was not made to any executive officer, partner or trustee of either entity, was not served on the manager, clerk or other person for the time being in charge of any regular place of business, and was not served on any agent authorized to accept service on behalf of BNA or BNE.

8

47.     Plaintiff's attempt at service was not effective to serve process on either BNA or BNE under Pennsylvania Rule of Civil Procedure 424 or Federal Rule of Civil Procedure 4.

48.     Furthermore, the evidence shows that Brenntag Specialties, LLC, the entity actually served with the Complaint, was not an alter ego or agent of BNA or BNE.

49.     Brenntag Specialties, LLC is and was, at all times material hereto, a separate and distinct subsidiary of BNA with its own line of business, its own management personnel and employees, its own finances, and its own officers.

50.     Brenntag Specialties, LLC never co-mingled funds with BNA or BNE, never assumed liabilities of BNA or BNE, and has always maintained a separate existence.

51.     Brenntag Specialties, LLC conducts its day-to-day operations and affairs separately from BNA and BNE, and without BNA or BNE exercising control over its operational functions.

52.     Furthermore, Brenntag Specialties, LLC owns its own property and is the sole owner of the Tacony Street address where service was purportedly made.

53.     As a result, the purported service on BNA and BNE of Plaintiff's Complaint at the Tacony Street address was ineffective.

54.     Accordingly, Plaintiff's Complaint must be dismissed and/or the purported attempt at service of process quashed.

**WHEREFORE**, Defendants, Brenntag North America, Inc. and Brenntag Northeast, LLC respectfully request that this Honorable Court grant the instant Motion and dismiss Plaintiff's Complaint and/or quash Plaintiff's purported service of the Complaint on the defendants.

21022826v1

### B.  Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6)

55.    Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

56.    The facts alleged in Plaintiff's Complaint, when accepted as true, conclusively establish as a matter of law that BNA and BNE were statutory employers of Plaintiff at the time of his alleged accident who are immune from suit under the Pennsylvania Worker's Compensation Act ("PWCA"), and therefore Plaintiff has failed to state a claim upon which relief can be granted against the defendants.   *See, e.g., Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-01559, 2016 U.S. Dist. LEXIS 57071, at *16 (M.D. Pa. 2016) (considering whether a defendant was immune from suit under the PWCA, and thus whether to dismiss the plaintiff's claims under Rule 12(b)(6)); *see also Grimsley v. Manitowoc Co.*, No. 1:15-CV-01275, 2015 U.S. Dist. LEXIS 146749, at *15 (M.D. Pa. 2015) (dismissing complaint pursuant to Rule 12(b)(6) on the grounds that defendants were entitled to immunity under the PWCA) (*reversed by Grimsley v. Manitowoc Co.*, 675 F. App'x 118, 119 (3d Cir. 2017) (reversing trial court decision because facts alleged in complaint did not conclusively show employer status sufficient to confer immunity under the PWCA as a matter of law)).

57.    Under the PWCA, the exclusive remedy for an employee injured in the course and scope of his employment against any person or entity deemed to be his employer is the benefits available under the PWCA.  *Peck v. Delaware County Bd. of Prison Inspectors*, 572 Pa. 249, 814 A.2d 185, 188 (Pa. 2002) ("the workers' compensation system is the exclusive remedy for an injured employee seeking redress from an employer for an on-the-job injury.").

21022826v1

58.     This exclusiveness of an injured employee's remedies against his employer for injuries sustained in the course and scope of employment is stated in Section 303 of the WCA, as follows:

> § 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party
>
> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.
>
> (b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. §481.

59.     Further Section 203 of the WCA provides that

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. §52.

60.     Under these sections of the PWCA, a person or entity deemed to be an injured-party's statutory employer, who is primarily or secondarily liable to pay worker's compensation benefits to the injured employee, is immune from suit for injuries sustained by the injured

employee in the course and scope of their employment with said employer. *Vandervort v. WCAB (City of Philadelphia),* 899 A.2d 414, 418 (Pa. Cmwlth. 2006) ("An entity's status as a 'statutory employer' results in liability for workers' compensation insurance and, coextensively, provides immunity to the statutory employer from common law tort liability.").

61.   Section 302(a) of the PWCA provides one grounds for finding that an entity is a "statutory employer", as follows:

> § 461. Coverage of employees of subcontractor; subcontractor defined; exception.
>
> A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.
>
> **For purposes of this subsection, a person who contracts with another**
>
> > (1)   to have work performed consisting of
> >
> > > (i) the removal, excavation or drilling of soil, rock or minerals, or
> > >
> > > (ii) the cutting or removal of timber from lands, or
> >
> > (2) **to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession or trade of such person shall be deemed a contractor, and such other person a subcontractor**.
>
> This subsection shall not apply, however, to an owner or lessee of land principally used for agriculture who is not a covered employer under this act who contracts for the removal of timber from such land.

77 P.S. §461 (emphasis added).

62.     The Pennsylvania Supreme Court has held that a property owner who hires a contractor to perform work that is a regular or recurrent part of the property owner's business is a "statutory employer" under Section 302(a) of the WCA.  *Six L's Packing Co. v. Workers' Comp. Appeal Bd. (Williamson)*, 44 A.3d 1148, 1158-59 (Pa. 2012).

63.     The Pennsylvania Superior Court has held that an entity deemed to be a statutory employer under Section 302(a) of the PWCA is immune from suit for personal injuries sustained by an employee of the statutory employer during the course and scope of their employment under the PWCA.  *Doman v. Atlas Am., Inc.*, 150 A.3d 103, 108-09 (Pa. Super. 2016).

64.     In this case, Plaintiff's Complaint, taken as true, establishes that Plaintiff was an employee of Langer Transport Corporation working in the course and scope of his employment at the time of his alleged incident.

65.     The Complaint further establishes that BNA and BNE had a written contract with Langer Transport Corporation for delivery of chemicals to the premises owned and operated by BNA and BNE.

66.     The Complaint alleges that BNA and BNE were in the business of distributing chemicals and ingredients and, therefore, the delivery and unloading of chemicals at the BNA/BNE distribution center by Plaintiff was a regular and recurrent part of BNA and BNE's business.

67.     In fact, Plaintiff alleges that BNA and BNE oversaw Plaintiff's work at the time of the incident, were responsible for safe performance of the work, and controlled and occupied the site where the incident occurred, even granting permission to Plaintiff to access the dome lid on the tanker trailer he was operating in delivering chemicals to the site.

68.     Accordingly, the allegations in Plaintiff's Complaint demonstrate that the work contracted to Langer in delivering and unloading chemical products at the distribution facility was

13

a part of BNA's and BNE's regular business, even to the extent that BNA and BNE oversaw, directed and controlled the work.

69.     The delivery of chemicals at the time of the accident at issue, which was a regular part of the business of BNA and BNE, was being performed by Plaintiff, an employee of Langer Transport, in furtherance of the contract for delivery of chemicals to the distribution center.

70.     Accordingly, all elements of Section 302(a) of the PWCA are established by the averments in Plaintiff's Complaint, and BNA and BNE are immune from suit under Section 203 and 303 of the PWCA, as a matter of law.

**WHEREFORE**, Defendants, Brenntag North America, Inc. and Brenntag Northeast, LLC respectfully request that this Honorable Court grant the instant Motion and dismiss Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

**POST & SCHELL, P.C.**

By: _____

DATED: October 29, 2020

WILLIAM L. THRALL, ESQUIRE
J. COLIN SCHWARTZ, ESQUIRE
Attorneys for Defendants,
Brenntag North America, Inc. and
Brenntag Northeast, LLC

14

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

POST & SCHELL, P.C.
WILLIAM L. THRALL, ESQUIRE
E-MAIL: wthrall@postschell.com
I.D. # 201834
J. COLIN SCHWARTZ, ESQUIRE
E-MAIL: cschwartz@postschell.com
I.D. # 310123
FOUR PENN CENTER, 13TH FLOOR    ATTORNEYS FOR DEFENDANTS,
1600 JOHN F. KENNEDY BLVD.    BRENNTAG NORTH AMERICA, INC. AND
PHILADELPHIA, PA  19103-2808    BRENNTAG NORTHEAST, LLC
215-587-1000

| | |
|---|---|
| CHRISTOPHER DISANT, | |
|               Plaintiffs, | CIVIL ACTION |
|            v. | No. 5:20-cv-05281 |
| BRENNTAG NORTH AMERICA, INC. and BRENNTAG NORTHEAST, | |
|             Defendants. | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS, BRENNTAG NORTH AMERICA, INC. AND BRENNTAG NORTHEAST, LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6)

Defendants, Brenntag North America, Inc. ("BNA") and Brenntag Northeast, LLC ("BNE"), by and through their attorneys, Post & Schell, P.C., hereby submit the following Memorandum of Law in support of their Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), as follows:

## I.    FACTUAL AND PROCEDURAL HISTORY

### A.    Plaintiff's Claims and Allegations

This civil action arises out of an incident that allegedly occurred on December 11, 2018 at a distribution center allegedly owned by the defendants, BNA and BNE, located at 81 West Huller

Lane, Reading, PA 19605.  A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."  Plaintiff alleges that on the date of the incident at issue, he was working as a long-haul truck driver on behalf Langer Transport Corporation ("Langer") delivering chemicals to the defendants utilizing a tanker trailer at the distribution center.  *Id.* at ¶¶ 17, 26, 27. Plaintiff claims that while he was in the course and scope of his employment with Langer, he was granted permission by the defendants to access the top of his tanker trailer to close the dome lid, and while he was performing that work, he fell off of the tanker trailer, sustaining injuries.  *Id.* at ¶¶ 27, 28, 29. Plaintiff claims that BNA and BNE negligently failed to provide, mandate or ensure that Plaintiff had a safe means to perform his work by not providing fall protection, and that the negligence of BNA and BNE caused Plaintiff's incident and injuries.  *Id.* at ¶¶ 28, 30.

Plaintiff avers that both BNA and BNE are engaged in the business of distributing chemicals and ingredients. *Id.* at ¶¶ 4, 7.   Plaintiff avers that the job site where the incident occurred was occupied and controlled by BNA and BNE at all times material to Plaintiff's claims. *Id.* at ¶¶ 12, 13, 15, 16.   Plaintiff avers that BNA and BNE were involved in overseeing the work and safety of workers at the job site where the incident occurred. *Id.* at ¶¶ 12, 13, 15, 16.  Plaintiff avers that BNA and BNE were responsible for job conditions and safety of individuals working at the job site where the incident, happened, including being responsible for the safety of Plaintiff. *Id.* at ¶¶ 21.  Plaintiff avers that BNA and BNE were responsible for maintenance, inspection and removal of hazardous conditions and making the job site safe for individuals working at the site, including Plaintiff.  *Id.* at ¶¶ 22.  Plaintiff avers that BNA and BNE were responsible for ensuring that all individuals working at heights with unprotected edges above four feet utilize fall protection. *Id.* at ¶¶ 24.  Finally, Plaintiff avers that BNA and BNE contracted with Langer Transport

Corporation for delivery services of chemicals to the job site and that BNA and BNE each had written contracts with Langer. *Id.* at ¶ 18, 19, 20.

In short, Plaintiff has alleged (1) that BNA and BNE were owners of the premises where the incident happened, (2) the premises were occupied by and under the control of BNA and BNE, (3) BNA and BNE oversaw the work performed in receiving and unloading delivered chemicals at the job site, including granting permission to Plaintiff to access the dome lid on his truck, (4) a contract was made between BNA and/or BNE and Langer Transportation for the delivery of chemicals to a distribution center of BNA and BNE which was involved in the business of distributing chemicals and ingredients, (5) the delivery of the chemicals was entrusted to Langer, and (6) Plaintiff was an employee of Langer who was injured on the alleged job site. *See, generally, id.*

### B.      Facts Pertaining to Service of Process and Entities Purportedly Served

Defendant, BNA is a corporation incorporated in the State of Delaware with a principal place of business located at 5083 Pottsville Pike, Reading, PA 19605. *See* true and correct copy of the Affidavit of David Wheat, attached hereto as Exhibit "B" at ¶ 2. Defendant, BNE is a Delaware limited liability company, whose sole member is BNA, with a principal place of business located at 81 West Huller Lane, Reading, PA 19605. *See* Exhibit "B" at ¶ 3.

Plaintiff has purported to serve the Complaint in this case on BNA and BNE at an address located at 5700 Tacony Street, Philadelphia, PA 19135 (the "Tacony Street address") by allegedly serving a person named Donald Reberg at that location. A true and correct copy of Plaintiff's Affidavits of Service is attached hereto as Exhibit "C."

The Tacony Street address where Plaintiff purportedly served the Complaint is an office of Brenntag Specialties, LLC, ("Brenntag Specialties") a Delaware limited liability company. *See*

Exhibit "B" at ¶ 5. Brenntag Specialties, LLC is the sole entity with an office located at 5700 Tacony Street, Philadelphia, PA and is the sole owner of that premises. *See id.* at ¶ 6.  Neither BNA nor BNE have an office or regular place of business at the Tacony Street address, and Brenntag Specialties is the sole entity with an office at that address.  *See id.* at ¶¶ 6-7.  Neither BNA nor BNE have any employees who regularly work at, or have offices at, the Tacony Street address. *See id.* at ¶ 8. Neither BNA nor BNE have any managers, clerks, or other persons in charge of the Tacony Street address. *See id.* at ¶ 9. Neither BNA nor BNE have authorized anyone employed by Brenntag Specialties, or with an office at 5700 Tacony Street, Philadelphia, PA 19135, to accept service of legal process on behalf of BNA or BNE. *See id.* at ¶ 10.

Specifically, Donald Reberg, the person who Plaintiff's affidavits of service state was handed a copy of Plaintiff's Complaint, is not an employee, manager or representative of BNA or BNE and was not authorized to accept service for either entity.  *See id.* at ¶ 11.

BNA and BNE each have a registered agent designated and authorized to receive service of process in Pennsylvania.  *See id.* at ¶ 12.  The registered agent for service of process designated and authorized by BNA and BNE to accept service of process was not served with Plaintiff's Complaint as of October 29, 2020 *See id.* at ¶ 13.

As of October 29, 2020, neither BNA nor BNE have been served with the Complaint at any office or regular place of business of BNA or BNE. *See id.* at ¶ 14.  As of October 29, 2020, no executive officer, partner or trustee of either BNA or BNE has been served with the Complaint. *See id.* at ¶ 15.

Brenntag Specialties is a wholly-owned subsidiary of BNA and is separate and distinct from BNA.  *See id.* at ¶ 16.  BNE has no ownership or membership in Brenntag Specialties and is separate and distinct from Brenntag Specialties.  *See id.* at ¶ 18.  BNA provides certain services to

Brenntag Specialties, such as legal, payroll, infrastructure and other administrative services. *See id.* at ¶ 17.

BNA and BNE do not manage or direct the daily activities or affairs of Brenntag Specialties and do not control the means and methods of the business activities of Brenntag Specialties, LLC. *See id.* at ¶ 19. Brenntag Specialties manufactures, packages and distributes specialty chemical products and its line of specialty chemical products is distinct from products distributed by BNA or BNE. *See id.* at ¶ 20. Brenntag Specialties employs separate employees that are not employed by BNA or BNE. *See id.* at ¶ 21. Brenntag Specialties does not share any bank accounts or comingle financial assets with BNA or BNE and pays its own taxes separate and apart from BNA and BNE. *See id.* at ¶ 22, 23. Brenntag Specialties conducts separate company meetings and directs its affairs independently of BNA and/or BNE, has distinct assets and liabilities than BNA and/or BNE, and conducts its business separately from BNA and/or BNE. *See id.* at ¶¶ 24, 25, 26. Brenntag Specialties observes all formalities of its business form. *See id.* at ¶ 26.

For the reasons set forth below and in the accompanying Memorandum of Law, Plaintiff's Complaint must be dismissed and/or Plaintiff's purported service of the Complaint on BNA and BNE must be quashed because service was not properly made on BNA or BNE, and Plaintiff's Complaint must be dismissed, with prejudice, for failure to state a claim upon which relief can be granted.

## II.     LEGAL ARGUMENT

### A.  Plaintiff's Complaint Must be Dismissed and/or Plaintiff's Purported Service of the Complaint Must be Quashed Pursuant to Rule 12(b)(5)

Under Rule 12(b)(5), the defense of insufficient service of process may be asserted by motion prior to filing a responsive pleading. Fed. R. Civ. P. 12(b)(5). "Under Fed. R. Civ. P. 12(b)(5), a complaint may be dismissed for insufficiency of service of process. However, where

service of process is found to be ineffective, the court has discretion to either dismiss or to quash service which has been made." *Dimensional Communications, Inc. v. Oz Optics Limited*, 218 F. Supp. 2d 653 (D.N.J. 2002).

Plaintiff purported to serve BNA and BNE with the Complaint on October 21, 2020 at 5700 Tacony Street, Philadelphia, PA 19135, before this action was removed to this Court. However, the purported service was improper because it did not comply with the Federal Rules of Civil Procedure or the Pennsylvania Rules of Civil Procedure governing service of process on a corporation or business entity.

Under Rule 4 of the Federal Rules of Civil Procedure, a domestic corporation, partnership or other unincorporated association that is subject to suit under a common name, served within a judicial district of the United State, must be served

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual [i.e., following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made]; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant;

Fed. R. Civ. P. 4(h).

Under Rule 424 of the Pennsylvania Rules of Civil Procedure,

> Service of original process upon a corporation or similar entity shall be made by handing a copy to any of the following persons provided the person served is not a plaintiff in the action:
>
> (1)  an executive officer, partner or trustee of the corporation or similar entity, or
>
> (2)  the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or

> (3)  an agent authorized by the corporation or similar entity in writing to receive service of process for it.

Pa. R.C.P. 424.  In an action commenced in Pennsylvania's First Judicial District – Philadelphia County – original process may be served:

> (1) within the county by the sheriff or a competent adult, or

> (2) in any other county by deputized service as provided by Rule 400(d) or by a competent adult forwarding the process to the sheriff of the county where service may be made.

Pa. R.C.P. 4001.

Under these rules, service of original process on a corporation or business entity must be made in-person by a competent adult or person deputized to serve process handing a copy of the original process to an executive officer, partner or trustee of the business entity,  or an  agent of the business entity authorized to accept service, or the manager clerk or person in charge of a regular place of business of the entity being served.  *See Trexler v. McDonald's Corp.*, 2015 PA Super 131, 118 A.3d 408, 414 (Pa. Super. 2015) (serving employee of franchisee on property owned by franchisor, which was not a regular place of business of franchisor, was not proper service on a person authorized to accept service on behalf of franchisor under Pa. R.C.P. 424).

Service of a complaint on a subsidiary of a corporate parent does not qualify as service on the parent corporation unless the subsidiary is (1) an alter ego of the parent due to the parent exercising total control over the affairs and activities of the subsidiary, or (2) serves as a mere agent or department of the parent, performing functions that the parent corporation would have to perform itself but for the existence of the subsidiary.  *Gallagher v. Mazda Motor of Am., Inc.*, 781 F. Supp. 1079, 1083 (E.D. Pa. 1992); *Colida v. LG Elecs., Inc.,* No. 02-4947 (DRD), 2003 U.S. Dist. LEXIS 26818, at *12-13 (D.N.J. 2003); *Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*, 607

F. Supp. 227, 237 (D. Del. 1984); *Fitzgerald v. Hilton Hotels Corp.*, 183 F. Supp. 342, 343 (E.D. Pa. 1960); *see also Botwinick v. Credit Exch., Inc.,* 213 A.2d 349, 351 (Pa. 1965).

To determine whether service of process on a subsidiary can be imputed to its corporate parent, Federal Courts have looked to the degree of control the parent corporation exercises over its subsidiaries to determine whether service on the subsidiary is effectively service on the parent. Courts consider whether the subsidiary was so "dominated and controlled" by the parent that service on the subsidiary was equivalent to service on the parent. *See Lasky v. Cont'l Prods. Corp.*, 97 F.R.D. 716, 716 (E.D. Pa. 1983) (finding service on a subsidiary not sufficient to show service on parent corporation where subsidiary was a "separate corporate entity which sets its own management policy and maintains separate books and records.").   Courts have also assessed whether the relationship shows "control by the parent to such a degree that the subsidiary has become its mere instrumentality."   *Akzona, Inc. v. E. I. Du Pont de Nemours & Co.*, 607 F. Supp. 227, 237 (D. Del. 1984) (*citing, inter alia, Whayne v. Transportation Management Service*, 252 F. Supp. 573, 577 (E.D.Pa. 1966); *aff'd per curiam sub nom., Whayne v. Shuttler*, 397 F.2d 287 (3d Cir.), *cert. denied*, 393 U.S. 978, 21 L. Ed. 2d 438, 89 S. Ct. 445 (1968).  Courts will also consider whether the subsidiary is sufficiently controlled by the parent corporation that it will be considered an agent of the parent corporation. *See, e.g., Colida v. LG Elecs., Inc.*, No. 02-4947 (DRD), 2003 U.S. Dist. LEXIS 26818, at *13 (D.N.J. 2003).   This inquiry has also been formulated as a determination as to whether the parent corporation "controls the day-to-day operations of the subsidiary such that the subsidiary can be said to be a mere department of the parent." *Arch v. Am. Tobacco Co.*, 984 F. Supp. 830, 837 (E.D. Pa. 1997).

In *Colida*, the plaintiff sued LG Electronics, Inc., a South Korean corporation with a place of business in Seoul, Korea.  2003 U.S. Dist. LEXIS 26818, at *1-2 (D.N.J. 2003).  Plaintiff served

the complaint on LG Electronics, USA, a Delaware corporation with a principal place of business in New Jersey. *Id.* at * 2, 4. The complaint was served at the LG Electronics USA office and accepted by an LG Electronics USA employee who was not authorized to accept service on behalf of LG Electronics, Inc. *Id.* at * 4. The evidence showed that LG Electronics, Inc. had no registered agent for receiving service of process in the United States, never maintained any facilities, offices or personal property in New Jersey and had no employees who worked or lived in New Jersey. *Id.* at * 2-3. LG Electronics, Inc. maintained that it and LG Electronics USA had separate boards of directors and separate accounting systems, LG Electronics USA's daily operations and internal affairs were not directed by LG Electronics, Inc., LG Electronics USA did not have authority to conduct business on behalf of LG Electronics, Inc., and that LG Electronics USA did not design, make, import, sell or have any relationship to a cellular phone made by LG Electronics, Inc. that was the subject of the litigation. *Id.* Plaintiff disputed this position by referencing a website which indicated that LG Electronics, Inc.'s subsidiaries are treated like divisions and sell LG Electronics, Inc.'s product line, including cellular phones; and LG Electronics, Inc. operated a New York and New Jersey office. *Id.* at * 3-4.

The court found that proper service was not effectuated on LG Electronics, Inc. The court stated: "Plaintiff apparently is under the mistaken impression that service on defendant's subsidiary constitutes service on LG Electronics." *Id.* at * 12. The court found that "Plaintiff's evidence (the website maintained by LG MRO, Inc.) that an agency relationship exists between LG Electronics and LG Electronics USA, such that service on the subsidiary may constitute service on the parent is inadequate." *Id.* at * 13. The court therefore found no indication of control sufficient to show an agency relationship or that the subsidiary was an alter ego of the parent corporation and dismissed the complaint for insufficient service of process. *Id.*

9

Pennsylvania Courts have applied similar reasoning in determining whether service of a complaint upon a subsidiary corporation may be treated as service upon a parent corporation.  In *Botwinick*, the defendant was a New York corporation, Credit Exchange, Inc. who was purportedly served with the complaint at an address in Philadelphia County, Pennsylvania.  213 A.2d 349, 350-51 (Pa. 1965).  The New York corporation objected to service and jurisdiction on the grounds that it did not have a usual place of business in Philadelphia and that the address where service was made was an office of the New York corporation's subsidiary, Credit Exchange of Pennsylvania, Inc.  *Id.* at 351. The plaintiff contended that the Philadelphia address was actually the New York corporation's office and that the subsidiary was merely an alter ego of the New York corporation. *Id.*  The evidence showed that all stock of the Pennsylvania Corporation was owned by the New York Corporation, both corporations had the same president, both corporations had similar names, and both corporations used the same forms for some transactions.  *Id.*  at 352-53. However, each corporation kept separate books and filed separate taxes, the subsidiary purchased its own supplies and paid its own rent, each corporation employed its own personnel, each corporation maintained its separate corporate existence, and the Pennsylvania subsidiary ran its daily affairs without substantial control by the New York corporation.  *Id.*

The Pennsylvania Supreme Court stated "[n]either the similarity of names between the parent and subsidiary corporation, nor the total ownership of the stock of the subsidiary by the parent, nor the fact that a single individual is the active chief executive of both corporations will *per se* justify a court in piercing the corporate veil if each corporation maintains a *bona fide* separate and distinct corporate existence."  *Id.* at 353-354 (internal citations omitted). The Court further noted that "if the record demonstrates that the subsidiary is the 'alter ego' of the parent to the extent that domination and control by the parent corporation renders the subsidiary a mere

10

instrumentality of the parent; under such extreme circumstances the parent corporation may be held to be doing business within the state under the facade of the subsidiary." *Id.* at 354.   However, the court held that there was not sufficient evidence to show that the Pennsylvania Corporation was the alter ego of the New York Corporation.   *Id.*   The Court found "there were two separate entities and . . . the Pennsylvania corporation, even though a subsidiary of the New York corporation, was not a mere instrumentality of the latter." *Id.*   The Pennsylvania Supreme Court found that the preliminary objections of the New York Corporation as to personal jurisdiction and service of process, were to be sustained.  *Id.*

In this case, under Pennsylvania and Federal law, service of Plaintiff's Complaint was not made upon BNA or BNE, and service of the Complaint upon Brenntag Specialties, LLC does not constitute service on BNA or BNE.   Service at the Tacony Street address was not service at a regular place of business of either BNA or BNE and was not made to any executive officer, partner or trustee of either entity, was not served on the manager, clerk or other person for the time being in charge of any regular place of business of BNA or BNE, and was not served on any agent authorized to accept service on behalf of BNA or BNE.   As such, Plaintiff's attempt at service was not effective to serve process on either BNA or BNE under Pennsylvania Rule of Civil Procedure 424 or Federal Rule of Civil Procedure 4.

Furthermore, the evidence shows that Brenntag Specialties, the entity actually served with the Complaint, was not an alter ego or agent of BNA or BNE, and therefore service of the complaint on Brenntag Specialties, LLC does not constitute service on BNA or BNE.   Brenntag Specialties is and was, at all times material hereto, a separate and distinct subsidiary of BNA with its own line of business, its own management, personnel and employees, its own finances, and who directs its own affairs.   Brenntag Specialties never co-mingled funds with BNA or BNE, never

11

assumed liabilities of BNA or BNE, and has always maintained a separate existence, observing its own corporate formalities. Brenntag Specialties conducts its day-to-day operations separately from BNA and BNE, and without BNA or BNE exercising significant control over its operational functions.  Furthermore, Brenntag Specialties owns its own property and is the sole owner of the Tacony Street address where service was purportedly made.   In short, Brenntag Specialties was not an agent, "alter ego", "mere department", or "mere instrumentality" of BNA or BNE and was not dominated or controlled by either defendant.

As a result, the purported service on BNA and BNE of Plaintiff's Complaint at the Tacony Street address was ineffective and service of the Complaint upon Brenntag Specialties does not constitute service of the Complaint upon BNA or BNE.   Accordingly, Plaintiff's Complaint must be dismissed and/or the purported attempt at service of process quashed.

**WHEREFORE**, Defendants, Brenntag North America, Inc. and Brenntag Northeast, LLC respectfully request that this Honorable Court grant the instant Motion and dismiss Plaintiff's Complaint and/or quash Plaintiff's purported service of the Complaint on the defendants.

### B.  Plaintiff's Complaint Must be Dismissed Pursuant to Rule 12(b)(6)

#### i.  Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  In considering a motion under Rule 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff.  *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court need not assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of*

*Carpenters*, 459 U.S. 519, 526 (1983). Furthermore, a plaintiff must provide factual grounds for relief beyond "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, (2007).

> ii.  Dismissal of the Complaint is Required Because Defendants are Immune from Tort Liability Under the Pennsylvania Worker's Compensation Act

The facts alleged in Plaintiff's Complaint, when accepted as true, conclusively establish as a matter of law that BNA and BNE were statutory employers of Plaintiff at the time of his alleged accident who are immune from suit under the Pennsylvania Worker's Compensation Act ("PWCA"), and therefore Plaintiff has failed to state a claim upon which relief can be granted against the defendants. *See, e.g., Cmty. Ass'n Underwriters of Am., Inc. v. Queensboro Flooring Corp.*, No. 3:10-CV-01559, 2016 U.S. Dist. LEXIS 57071, at *16 (M.D. Pa. 2016) (considering whether a defendant was immune from suit under the PWCA, and thus whether to dismiss the plaintiff's claims under Rule 12(b)(6)); *see also Grimsley v. Manitowoc Co.*, No. 1:15-CV-01275, 2015 U.S. Dist. LEXIS 146749, at *15 (M.D. Pa. 2015) (dismissing complaint pursuant to Rule 12(b)(6) on the grounds that defendants were entitled to immunity under the PWCA) (*reversed by Grimsley v. Manitowoc Co.*, 675 F. App'x 118, 119 (3d Cir. 2017) (reversing trial court decision

because facts alleged in complaint did not conclusively show employer status sufficient to confer immunity under the PWCA as a matter of law)).

Under the PWCA, the exclusive remedy for an employee injured in the course and scope of his employment against any person or entity deemed to be his employer is the benefits available under the PWCA. *Peck v. Delaware County Bd. of Prison Inspectors*, 572 Pa. 249, 814 A.2d 185, 188 (Pa. 2002) ("the workers' compensation system is the exclusive remedy for an injured employee seeking redress from an employer for an on-the-job injury."). This exclusiveness of an injured employee's remedies against his employer for injuries sustained in the course and scope of employment is stated in Section 303 of the WCA, as follows:

> § 481. Exclusiveness of remedy; actions by and against third party; contract indemnifying third party
>
> (a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death as defined in section 301(c)(1) and (2) or occupational disease as defined in section 108.
>
> (b) In the event injury or death to an employe is caused by a third party, then such employe, his legal representative, husband or wife, parents, dependents, next of kin, and anyone otherwise entitled to receive damages by reason thereof, may bring their action at law against such third party, but the employer, his insurance carrier, their servants and agents, employes, representatives acting on their behalf or at their request shall not be liable to a third party for damages, contribution, or indemnity in any action at law, or otherwise, unless liability for such damages, contributions or indemnity shall be expressly provided for in a written contract entered into by the party alleged to be liable prior to the date of the occurrence which gave rise to the action.

77 P.S. §481.

Further, Section 203 of the WCA provides that,

> An employer who permits the entry upon premises occupied by him or under his control of a laborer or an assistant hired by an employe

14

> or contractor, for the performance upon such premises of a part of the employer's regular business entrusted to such employe or contractor, shall be liable to such laborer or assistant in the same manner and to the same extent as to his own employe.

77 P.S. §52.

Under these sections of the PWCA, a person or entity deemed to be an injured-party's "statutory employer," who is primarily or secondarily liable to pay worker's compensation benefits to the injured employee, is immune from suit for injuries sustained by the injured employee in the course and scope of their employment with said employer.  *Vandervort v. WCAB (City of Philadelphia),* 899 A.2d 414, 418 (Pa. Cmwlth. 2006) ("An entity's status as a 'statutory employer' results in liability for workers' compensation insurance and, coextensively, provides immunity to the statutory employer from common law tort liability.").

The determination of whether an entity is a "statutory employer" under the PWCA has often involved an analysis first set forth under *McDonald v. Levinson Steel Co*, 153 A. 424, 426 (1930). **To be clear, Moving Defendants contend that _McDonald_ is inapplicable in this case and that a separate test for statutory employer status confers immunity on BNA and BNE in this case.**  An analysis of *McDonald* is provided to make clear the distinction and fully explain the authorities pertaining to statutory employer immunity on which BNA and BNE rely.

To show that an entity is a statutory employer under *McDonald*, the following elements must be met:

> (1) An employer who is under contract with an owner or one in the position of an owner.
>
> (2) Premises occupied by or under the control of such employer.
>
> (3) A subcontract made by such employer.
>
> (4) Part of the employer's regular business entrusted to such subcontractor.

(5) An employee of such subcontractor.

*Id.* at 426.   If the employer under contract with the owner meets those elements, it is considered a statutory employer under Sections 203 and 302(b) of the PWCA.  *Id.*   Under *McDonald*, entities or persons who own a premises where an employee of a contractor is injured, and were not a general contractor employing subcontractor, may not be considered statutory employers under the PWCA.  *Smith v. Workmen's Comp. Appeal Bd. (Miller & Skinner)*, 152 Pa. Commw. 77, 82, 618 A.2d 1101, 1103-04 (1992). However, statutory employer immunity under *McDonald* and its progeny pertains only to those entities qualifying as statutory employers under Section 203 (77 P.S. §52) and 302(b) (77 P.S. §462) of the PWCA.

Section 302(a) of the PWCA provides a separate grounds for finding that an entity is a "statutory employer", as follows:

> § 461. Coverage of employees of subcontractor; subcontractor defined; exception.
>
> A contractor who subcontracts all or any part of a contract and his insurer shall be liable for the payment of compensation to the employes of the subcontractor unless the subcontractor primarily liable for the payment of such compensation has secured its payment as provided for in this act. Any contractor or his insurer who shall become liable hereunder for such compensation may recover the amount thereof paid and any necessary expenses from the subcontractor primarily liable therefor.
>
> **For purposes of this subsection, a person who contracts with another**
>
>> (1)      to have work performed consisting of
>>
>>> (i) the removal, excavation or drilling of soil, rock or minerals, or
>>>
>>> (ii) the cutting or removal of timber from lands, or
>>
>> **(2) to have work performed of a kind which is a regular or recurrent part of the business, occupation, profession**

> **or trade of such person shall be deemed a contractor, and such other person a subcontractor**.
>
> This subsection shall not apply, however, to an owner or lessee of land principally used for agriculture who is not a covered employer under this act who contracts for the removal of timber from such land.

77 P.S. §461 (emphasis added).

The Pennsylvania Supreme Court has expressly held, in distinction to *McDonald* and its progeny, that a property owner who hires an independent contractor to perform work that is a regular or recurrent part of the property owner's business is a "statutory employer" under Section 302(a) (77 P.S. § 461) of the PWCA, and that the *McDonald* test is inapplicable to determining statutory employer status under Section 302(a). *Six L's Packing Co. v. Workers' Comp. Appeal Bd. (Williamson)*, 44 A.3d 1148, 1158-59 (Pa. 2012). The Court held that the definition of statutory employer set forth at Section 302(a) of the PWCA is broader than Sections 203 and 302(b) and the *McDonald* test and, thus, includes property owners that were excluded under the *McDonald* test. *Id.* at 1155.

In *Six L's Packing* – a decision pertaining to a worker's compensation claim – the appellant-respondent was a grower, processor and distributor of produce. *Id.* at 1150. The appellant contracted with F. Garcia and Sons to transport tomatoes between a warehouse and processing facility. *Id.* The appellee-claimant was employed by F. Garcia and Sons as a truck driver and was injured in a motor vehicle accident while transporting the appellant's tomatoes between the warehouse and processing facility in furtherance of contract services. *Id.* F. Garcia and Sons did not carry worker's compensation insurance, so the appellee brought a worker's compensation claim against the appellant on the theory that the appellant was appellee's statutory employer under Section 302(a) of the PWCA and therefore liable for payment of worker's compensation benefits to appellee. *Id.* The appellee was not on premises occupied and controlled

17

by the appellant, and the appellant was not a general contractor who subcontracted part of its work to a subcontractor, but rather a property owner who contracted with F. Garcia and Sons as an independent contractor. *Id.* at 1151. Because of these factors, the appellant argued that Section 302(b) of the PWCA and *McDonald* were not met and therefore, the appellant was not a statutory employer. *Id.* The Worker's Compensation Board agreed that the *McDonald* test and Section 302(b) were not met, but determined that the *McDonald* test and Section 302(b) were not applicable to statutory employer status under Section 302(a) of the PWCA. *Id.* The Superior Court considered whether Section 302(a) of the PWCA made the appellant a statutory employer of the appellee who would be required to pay the appellee's worker's compensation benefits, despite being a property owner who was not in control of the premises and therefore, not a statutory employer under Section 302(b) of the PWCA or the *McDonald* test.

The court noted that Section 302(a), which was amended after the *McDonald* decision was issued, does not rely on the same definition of "contractor" and "subcontractor" that were applicable when interpreting Sections 203 and 302(b). *Id.* at 1152. Rather, Section 302(a) included its own definitions of those terms, which were broader and deemed any entity who contracts with another entity to perform a regular or recurrent part of its work to be a "contractor" who is deemed an employer liable for payment of worker's compensation benefits under the PWCA, whether the injury occurred on-premises or off-premises. *Id.* at 1157-58. The court noted favorably the reasoning of the Pennsylvania Department of Labor, Bureau of Worker's Compensation's *amicus* brief stating that Section 302(b) and *McDonald* apply in the paradigm of construction accident cases, whereas Section 302(a) is broader and applies to property owners who hire contractors to perform a regular or recurrent part of the property owner's business outside of the construction context. *Id.* at 1157.

Because the appellant had contracted with F. Garcia and Sons to perform a regular part of the defendant's business, *i.e.*, delivering produce,[1] and the appellee claimant was an employee of F. Garcia and Sons, the court found that the appellant was a statutory employer under the plain language of 302(a) of the PWCA.  *Id.* at 1158-59.  Specifically, the Court stated:

> we find it to be plain enough that the Legislature meant to require persons (including entities)  contracting with others to perform work which is a regular or recurrent part of their businesses to assure that the employees of those others are covered by workers' compensation insurance, on pain of assuming secondary liability for benefits payment upon a default.

*Id.*   Further, although certain aspects of the *McDonald* factors are similar to facets of Section 302(a) of the PWCA, the Court stated, "we do not believe that direct comparisons between *McDonald* and Section 302(a) serve a useful purpose" and that "Section 302(a) is best interpreted, as per the example of the Commonwealth Court and the Board in the present case, according to its own terms." *Id.* at 1159. Thus, the court held: "[w]e hold that neither the *McDonald* test, nor a *per se* owner exclusion, applies under Section 302(a)of the WCA." *Id.*

In *Six L's Packing*, the Supreme Court considered whether the property owner in that case could be liable to pay worker's compensation benefits as a statutory employer under Section 302(a) the PWCA.  In *Doman v. Atlas Am., Inc.*, the Pennsylvania Superior Court addressed whether an entity deemed to be a statutory employer under Section 302(a) is entitled to immunity from tort liability under the PWCA, and held that such a statutory employer was entitled to immunity. 150 A.3d 103, 108-09 (Pa. Super. 2016).  In that case, the defendant, Atlas, had entered into an oil and gas lease for purposes of drilling, operating, producing and removing oil and gas from a property.

---

[1] Importantly, the Court agreed that transporting produce was a regular or recurrent part of the appellant-grower's business because it distributed produce, even though the evidence presented established that the appellant "did not own trucks or employ drivers, but, rather, utilized independent contractors, such as Garcia, to supply transportation." *Id.* at 1150-51.

*Id.* at 104.   The defendant, Atlas then contracted with Gene D. Yost & Son, Inc. ("Yost") to drill wells on the property.   *Id.*   The plaintiff was an employee of Yost who was injured during the course of his employment with Yost in the process of performing drilling activities.  *Id.*  Yost paid the plaintiff's worker's compensation benefits following that accident.  *Id.*

The plaintiff sought to apply the *McDonald* factors and asked the court to find that the defendant was not a statutory employer because it stood in the position of property owner.[2]  *Id.* at 105-06.   The plaintiff also argued that Section 302(a) of the PWCA did not confer immunity on the defendant because the defendant did not have a contract with a property owner, as required by *McDonald*, and did not pay worker's compensation benefits to the plaintiff.  *Id.* at 106. The Superior Court cited the holding of *Six L's Packing* that "neither the *McDonald* test, nor a *per se* owner exclusion, applies under Section 302(a) of the [Act]."  *Id.* at 108-09.   The court also noted that "while Section 302(a) does not include a requirement that the contractor occupy or control the premises, Section 302(b) [and the *McDonald* test] specifically includes such a requirement." *Id.* at 107-08.   Thus, the Court refused to apply the elements of the *McDonald* test, stating "because the legislature created two distinct sections, each with its own requirements, we may not impute the requirements of one section onto the other."  *Id.* at 108.   The Superior Court held that the trial court correctly applied Section 302(a) to determine that the defendant was the plaintiff's statutory employer.  *Id.*   Because the defendant was considered a statutory employer of the plaintiff, the defendant was consequently immune from suit, *regardless of the fact that the plaintiff's direct employer already paid the plaintiff's worker's compensation benefits.  Id.* at 109.   The court quoted prior Supreme Court precedent stating that immunity from tort liability under the PWCA "pertains by virtue of statutory[] employer status alone, such that it is accorded even where the

---

[2]  The Court did not dispute that Atlas was in the position of property owner due to its status as lessee of the land with rights to drill.

statutory employer has not been required to make any actual benefit payments." *Id.* at 109 (*quoting Patton v. Worthington Assocs.*, 89 A.3d 643, 645 (Pa. 2014).

In this case, as in *Doman* and *Six L's Packing*, and accepting as true all well-pleaded facts in Plaintiff's Complaint, it is clear that BNA and BNE were Plaintiff's statutory employers under Section 302(a) of the PWCA.    Plaintiff was alleged to be an employee of Langer Transport Corporation working in the course and scope of his employment at the time of his alleged incident. BNA and BNE are alleged to have had a written contract with Langer Transport Corporation for delivery of chemicals to the premises owned and operated by BNA and BNE.  BNA and BNE were alleged to be in the business of distributing chemicals and ingredients and, therefore, similarly to *Six L's Packing*, the delivery and unloading of chemicals at the distribution center by Plaintiff was a regular and recurrent part of BNA and BNE's business.  Indeed, Plaintiff has alleged that BNA and BNE oversaw and controlled the work of Plaintiff and Langer in delivering chemicals to the distribution facility, thus alleging that the delivery and receiving process for delivered chemicals was part of BNA and BNE's regular business.   In fact, although not required under Section 302(a) of the PWCA, Plaintiff also alleges BNA and BNE occupied and were in control of the jobsite where Plaintiff's alleged incident happened, thus further supporting the allegation that the work Plaintiff was performing was a regular part of BNA and BNE's business that was overseen and controlled by the defendants.   Finally, the delivery of chemicals at the time of the accident at issue, which was a regular part of the business of BNA and BNE, was alleged to have been performed by Plaintiff, as an employee of Langer Transport, in furtherance of the contract for delivery of chemicals to the distribution center.

Accordingly, all elements of Section 302(a) of the PWCA are established by the averments in Plaintiff's Complaint, and, taking those averments as true, BNA and BNE are immune from suit

under the PWCA, as a matter of law.  Plaintiff therefore has not stated a claim upon which relief can be granted and Plaintiff's Complaint must be dismissed.

WHEREFORE, Defendants, Brenntag North America, Inc. and Brenntag Northeast, LLC respectfully request that this Honorable Court grant the instant Motion and dismiss Plaintiff's Complaint, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).

POST & SCHELL, P.C.

By: _____

Dated: October 29, 2020

WILLIAM L. THRALL, ESQUIRE
J. COLIN SCHWARTZ, ESQUIRE
Attorneys for Defendants,
Brenntag North America, Inc. and
Brenntag Northeast, LLC

22

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

POST & SCHELL, P.C.
WILLIAM L. THRALL, ESQUIRE
E-MAIL: wthrall@postschell.com
I.D. # 201834
J. COLIN SCHWARTZ, ESQUIRE
E-MAIL: cschwartz@postschell.com
I.D. # 310123
FOUR PENN CENTER, 13TH FLOOR          ATTORNEYS FOR DEFENDANTS,
1600 JOHN F. KENNEDY BLVD.            BRENNTAG NORTH AMERICA, INC. AND
PHILADELPHIA, PA  19103-2808         BRENNTAG NORTHEAST, LLC
215-587-1000

CHRISTOPHER DISANT,

                Plaintiffs,          CIVIL ACTION

                v.          No. 5:20-cv-05281

BRENNTAG NORTH AMERICA, INC. and
BRENNTAG NORTHEAST,

                Defendants.

## CERTIFICATE OF SERVICE

    I, J. COLIN SCHWARTZ, ESQUIRE, do hereby certify that that on this 29th day of

October, 2020, a true and correct copy of the foregoing Motion to Dismiss was electronically filed

and served via the ECF System to all counsel of record and mailed via regular and certified mail

to all unrepresented parties.

                **POST & SCHELL, P.C.**


BY:_____
                J. COLIN SCHWARTZ, ESQUIRE

21022826v1