IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER DISANT,             :
             :
          Plaintiff,     :       CIVIL ACTION NO. 20-5281
             :
   v.                :
             :
BRENNTAG NORTH AMERICA, INC and  :
BRENNTAG NORTHEAST,      :
             :
         Defendants.   :

## <u>ORDER</u>

**AND NOW**, this 31st day of January, 2022, after considering the defendant's motion for summary judgment (Doc. No. 18), the plaintiff's response opposing summary judgment (Doc. No. 21), the defendant's reply further in support of summary judgment (Doc. No. 23), the plaintiff's sur-reply further opposing summary judgment (Doc. No. 25), and oral argument by counsel on July 15, 2021, it is hereby **ORDERED** as follows:

1.     The motion for summary judgment (Doc. No. 18) is **DENIED**;[1] and

2.     The court will hold a telephone conference to discuss the schedule moving forward in this matter on **Friday**, **February 4, 2022** at **4:00 p.m.** Counsel for the parties shall call 1-571-353-2300 and use pin 363973916# to enter the conference call.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] A district court "shall grant summary judgment if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When considering whether there exist genuine issues of material fact, the court is required to examine the evidence of record in the light most favorable to the party opposing summary judgment, and resolve all reasonable inferences in that party's favor." *Wishkin v. Potter,* 476 F.3d 180, 184 (3d Cir. 2007) (citation omitted). "The court may not . . . weigh the evidence or make credibility determinations." *Doe v. Luzerne Cnty.*, 660 F.3d 169, 175 (3d Cir. 2011) (internal quotation marks

and citation omitted).  "Issues such as intent and credibility are rarely suitable for summary judgment."  *Wishkin*, 476 F.3d at 184.

    After reviewing the record in accordance with the standard of review enunciated above, there is, at a minimum, a genuine issues of material fact with respect to whether the defendant is entitled to immunity under Pennsylvania's Workers' Compensation Act as a statutory employer.